DUNCAN v. ABLE *et al.*, *Appellants.*

1. Ejectment: POSSESSION: PRACTICE. In an action of ejectment, it is essential to plaintiff's case that he show such a right as is necessary to a recovery. A defendant in possession may rest upon that alone until the plaintiff exhibits a better title.

2. Title to Realty: POSSESSION. In the absence of explanation, possession of realty is evidence of ownership, and, where no better title than possession is shown, he who is prior in time is prior in right.

3.  ———: POSSESSION OF AGENT: JUDGMENT AGAINST AGENT. The possession of an agent is that of his principal. Nothing will pass to a purchaser by a sale under a judgment against the agent, as against the rights of the principal.

*Appeal from Lincoln Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

THIS is an action of ejectment to recover four-fifths of a tract of land.

Plaintiff claims title by virtue of a sheriff's deed under a judgment against Henry A. Forgey, and a sale in March, 1884. His other evidence tended to show that the latter lived on the land in 1882-3; rented it to tenants in 1884 and 1885, claiming it as his own and offering to sell it; and that he made a deed of trust for it in 1884 to secure a debt.

Defendants' evidence (in so far as it related to the plaintiff's claim) tended to prove that the possession of Henry A. Forgey was merely an agent for Thomas J. Forgey, his father, who claimed title as tenant by the curtesy.

At the trial the court declared the law as follows for plaintiff, viz.: "If the jury believe from the evidence that Henry A. Forgey, at the date of the sale mentioned in the sheriff's deed, read in evidence, was in the possession of the premises sued for, and that afterwards the defendant Able acquired possession from or through said Henry A. Forgey, and was in the possession of the said premises at the institution of the suit herein, to-wit, on the twelfth day of March, 1886, then the jury will find for the plaintiff that he recovered the land sued for, and will assess the value of the monthly rents and profits as they shall find from the evidence that the rents and profits are reasonably worth, not exceeding the amount claimed in the petition."

The court also gave the following instruction of its own motion, viz.:

"If the jury believe from the evidence that Henry A. Forgey was acting as the agent of Thomas J. Forgey in renting the lands to Story or Able, and not in the possession of the lands himself, then the verdict will be for the defendants."

The defendants had requested this instruction with the words "and not in possession of the lands himself" omitted.

The finding and judgment were for plaintiff.

Defendants appealed after saving the proper exceptions.

*Martin & Avery* for appellants.

(1) The instruction given for plaintiff was erroneous, inasmuch as the evidence showed conclusively that the only reason for recovery was based upon the possession of Henry A. Forgey, not upon any title in him, and that such possession and right of possession had expired before the trial of the case. The only judgment that could have been rendered in the case was for damages and costs. R. S. 1879, sec. 2253. This instruction ignores any right which Thomas J. Forgey may have had to the possession of said lands as against the plaintiff, after the expiration of H. A. Forgey's possession. Plaintiff's right to possession certainly expired when Able quit possession, and Thomas J. Forgey took possession by tenant. *Atkison v. Dixon*, 89 Mo. 464. (2) The defendants' instructions should have been given. If, as declared in the first instruction, H. A. Forgey was acting only as agent for Thomas J. Forgey in the renting of the lands, he certainly had no such right in the lands as a sale of could divest the defendant Thomas J. Forgey of the possession. And the addition to said instruction by the court of the words "and

not in possession of said lands himself" did not remedy the error of refusing this instruction, inasmuch as there was not a particle of evidence to show that H. A. Forgey was in possession himself at the time of the sale. The second instruction should have been given. Thomas J. Forgey, as the husband of Mary E. Forgey, was certainly entitled to the possession of said lands as tenant by curtesy. The evidence showed that Able's term had expired, and that Thomas J. Forgey was in possession of the land at the time suit was brought. No title whatever had been shown in H. A. Forgey, and the only right plaintiff had to recover possession was based upon the theory of H. A. Forgey's possession at the time of the sale and the right of possession at the time of the trial. That right had ceased at the time of the trial, and hence instructions numbers 2 and 3 should have been given. *Roberts v. Nelson*, 86 Mo. 21. If the plaintiff acquired the right to possession of said lands by said sale by reason of H. A. Forgey's possession, and that such possession was for a term less than three years, his remedy was unlawful detainer, and not ejectment. *Gunn v. Sinclair*, 52 Mo. 327 ; *Gillett v. Matthews*, 45 Mo. 307. And hence instruction number 4 should have been given.

*R. H. Norton* and *Silver & Brown* for respondent.

(1) The instruction given for plaintiff properly declared the law. He was entitled to recover if it was shown that defendant Able was in possession at the institution of the suit, and that he acquired possession from Henry A. Forgey. R. S. 1879, sec. 2247. The question of whether Able was the tenant of Henry A. Forgey, or of Thomas J. Forgey, was a question of fact for the jury and was properly submitted to them in the instruction given by the court of its own motion. *Matney v. Graham*, 59 Mo. 190. The finding of the

jury upon that point is conclusive, and will not be reviewed in this court.    (2) There is no evidence of any title in Mary A. Forgey.    There is nothing to show that Laura E. Frazier, her grantee in the quitclaim deed, had any title, whatever.    The court, therefore, properly refused the defendants' second instruction.    (3) Defendants' first instruction was embodied in that given by the court of its own motion, and their third and fourth, so far as correct, were embraced in those given for plaintiff and by the court of its own motion, and it was not error to refuse them.    *Price v. Town of Breckinridge*, 92 Mo. 378; *State v. Elliott*, 90 Mo. 350; *Baum v. Freyrear*, 85 Mo. 151.

BARCLAY, J.—In the action of ejectment it is essential to plaintiff's case that he show such a right as is necessary to a recovery under our law.    A defendant in possession may rest upon that alone until the plaintiff exhibits a better title.

Laying aside any consideration of the effect of a purchase at the sheriff's sale of only a fractional part of the land in dispute, it is clear that in any view of the case plaintiff's evidence established no greater title in Henry A. Forgey, at or after the time of that sale, than arises from mere possession under claim of ownership.

In the absence of explanation, possession of realty is evidence of ownership, and, where no better title than possession is shown, he who is prior in time is prior in right.

Henry A. Forgey, in the present case, could not deprive plaintiff of the benefit of his purchase by any abandonment of his possession to another after the lien of the judgment had attached.

But if, as defendant asserted, and his evidence tended to prove, Henry A. Forgey neither claimed ownership nor possession otherwise than as agent for Thos.

J. Forgey, when the judgment was obtained or afterwards, that fact would constitute a good defense to plaintiff's recovery in this action.

The possession of the agent would be that of his principal. Nothing would pass to a purchaser by a sale under a judgment against the agent as against the rights of the principal.

The case in the trial court turned on the nature of Henry Forgey's possession, whether it was in his own right as claimant of ownership, or as agent for his father, Thos. J. Forgey. But the court, in its instructions, did not define that issue of fact with sufficient distinctness. It appeared to intimate that mere possession by Henry A. Forgey was conclusive against defendant. The instruction given for plaintiff is susceptible of that construction. The instruction by the court of its own motion did not correct it. The latter should, at least, have been given as requested by defendant, without the amendment it received from the court.

For these reasons the judgment is reversed, and the cause remanded, all concurring.